IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01570-BNB

ROBERT CRAVIN,

    Applicant,

v.

J. M. WILNER, Warden,

    Respondent.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 23 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Robert Cravin, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. Mr. Cravin initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has paid the $5.00 filing fee for a habeas corpus action.

On July 21, 2009, Magistrate Judge Craig B. Shaffer ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On August 10, 2009, Respondent filed a preliminary response. Applicant did not file a reply, although he was given the opportunity to do so.

The Court must construe Mr. Cravin's filings liberally because he is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Cravin was sentenced to 87 months of imprisonment for possession of a firearm by a convicted felon. His projected release date is August 7, 2014, via good-conduct-time release. He claims that he is entitled to detention credits in the amount of 33 months, 12 days, covering the period from the date of his arrest on June 14, 2005, through March 20, 2008, when he was "transferred into federal custody via the Federal Bureau of Prisons for the execution of his 87 month federal sentence." Application at 6. As relief, he asks for a downward adjustment of his sentence by 33 months, 12 days to reflect a total sentence of 53 months, 18 days. He further asks that his federal sentence be deemed to have commenced on March 20, 2008.

Respondent argues that Mr. Cravin has failed to exhaust BOP administrative remedies before seeking federal court intervention. Respondent specifically contends that Mr. Cravin filed an administrative remedy request at the institutional level seeking 910 days of jail credit. On January 27, 2009, the request was denied. Mr. Cravin attempted to file an appeal at the regional level, and on March 5, 2009, the appeal was rejected as untimely. There was no filing of an appeal at the national level.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical

procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy program is available to federal prisoners such as Mr. Cravin. **See** 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. **See** 28 C.F.R. § 542.14 - 542.15.

Because Mr. Cravin failed to complete the process of exhausting BOP administrative remedies, the application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention.

DATED at Denver, Colorado, this 21 day of Sept, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01570-BNB

Robert Cravin
Reg No. 34560-177
Federal Correctional Institution
P.O. Box 6000
Florence, CO 81226-6000

Susan Prose
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/23/09

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk